IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JUNE SCHINDLER, | ) |
|     *Plaintiff*, | ) |
| v. | )   Case No.: 3:24-cv-00008-jdp |
| BEST EGG, INC., UPGRADE, INC., and UPSTART NETWORK, INC., | ) |
|     *Defendants*. | ) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Upgrade, Inc. ("Upgrade"), by and through its undersigned counsel, hereby replies to the opposition brief filed by Plaintiff to Upgrade's motion to dismiss for lack of personal jurisdiction as follows:

**ARGUMENT**

Plaintiff opposes Upgrade's motion to dismiss on two grounds only: (1) that the motion is untimely and (2) that Upgrade consented to the jurisdiction of the courts. Both arguments lack merit. Moreover, Plaintiff has not produced any affirmative evidence supporting the exercise of jurisdiction. Therefore, her request for leave to replead, in the alternative, should be denied.

**I.    THE MOTION IS TIMELY PURSUANT TO RULE 12(h) AND RULE 12(i).**

Plaintiff premises her argument that Upgrade's motion is untimely on the fact that Upgrade first raised the defense of lack of personal jurisdiction in an answer rather than by motion. *See* Dkt. #22 at p. 3. As set forth in Upgrade's opening brief, however, a personal jurisdiction defense may be raised in an answer and is not waived by doing so. *See* Dkt. #15 at p. 3 (citing Fed. R. Civ. P. 12(h)(1)(B); *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016)). Notably,

1

Plaintiff does not address this legal authority. And while Plaintiff is correct that a Rule 12(b)(2) motion technically cannot be filed after a party has answered, Plaintiff does not address, let alone refute, that courts nonetheless routinely analyze a motion to dismiss for lack of personal jurisdiction filed after the defense was raised in an answer under the Rule 12(b)(2) standard, as argued in Upgrade's opening brief.[1]

Certainly, the Court has a duty to hear and decide Upgrade's motion before trial, unless the Court finds a deferral is warranted. *See* Fed. R. Civ. P. 12(i). Indeed, pursuant to Rule 12(h) and Rule 12(i) there can be no question that the motion is timely. *See Horton v. Sunpath, Ltd.*, 2023 U.S. Dist. LEXIS 51290, *2 (N.D. Tex. Mar. 27, 2023) (explaining that "consistent with Rule 12(h) and Rule 12(i), courts "will hear a post-answer Rule 12(b) motion as long as no prior Rule 12(b) motion was filed and the particular 12(b) defense was asserted in the answer") (internal quotations omitted). The only question is the standard for considering the motion. In *Mold-A-Rama, Inc.*, previously cited by Upgrade, the Honorable Judge Andrea Wood of the Northern District of Illinois catalogued the different procedural vehicles under which a court could consider a motion to dismiss for personal jurisdiction filed after asserting the defense in an answer and ultimately concluded that courts must be able to decide the motion under the Rule 12(b)(2) standard. *See Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 886-87 (N.D. Ill. 2020) ("[W]hile Rule 12(b)'s language and Seventh Circuit precedent do not provide a clear answer as to the proper procedural vehicle for considering [defendant's motion], the Court is convinced that the motion is timely and can be treated as if it were a pre-responsive pleading Rule 12(b)(2) motion."). Judge Wood's reasoning is persuasive and should be followed here. And because

---

[1] Which is why Upgrade did not specifically title its Motion as a Rule 12(b)(2) motion but explained why the Rule12(b)(2) standard nonetheless applies. *See* Dkt. #15 at p. 3.

Plaintiff failed to address Upgrade's argument that the Rule 12(b)(2) standard applies notwithstanding that a Rule 12(b)(2) motion would technically be untimely, nor makes any argument that another standard should apply, he has waived any objection to use of the standard.[2] *See Dewey v. Bechthold*, 387 F. Supp. 3d 919, 922 (E.D. Wisc. 2019) ("It is well-settled in this circuit that when a party fails to raise an argument, that argument is deemed waived.") (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("That silence leaves us to conclude, as did the district court, that the [plaintiffs] concede [defendant's argument]. Failure to respond to an argument – as the [plaintiffs] have done here – results in waiver."); *Wojtas v. Cap Guardian Tr. Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (holding that a party's "failure to offer any opposition to . . . [a] statute of limitations argument constituted a waiver")).

## II. PLAINTIFF HAS NOT DEMONSTRATED UPGRADE'S CONSENT TO JURISDICTION.

Plaintiff next contends that Upgrade consented to jurisdiction of Wisconsin courts simply by registering to do business in Wisconsin. *See* Dkt. #22 at p. 4. Plaintiff cites Wis. Stat. §§ 180.1175/181.1175 and 180.1505/181.1505 in support.[3] *Id.* Plaintiff's argument plainly and palpably violates the due process bounds explained in *Daimler* and *Goodyear*, as argued by Upgrade in its opening brief. *See* Dkt. #15 at p. 6-7. Moreover, the plain language of the statutes

---

[2] Moreover, as previously pointed out by Upgrade, regardless of whether Rule 12(b), 12(c) or 12(i) is considered the proper procedural vehicle for bringing the motion, the result remains the same: Plaintiff has not proven this Court's jurisdiction over Upgrade. *See* Dkt. #15 at p. 3-4, n.2 (citing *In re Sulfuric Acid Antitrust Litig.*, 446 F. Supp. 2d 910, 914 (N.D. Ill. 2006) ("[I]n the federal courts, pleadings, motions, and supporting memoranda are measured by their content, not their title. Simply phrased, the substance of a party's submission takes precedence over its form, 'no matter what title [a party] plasters on the cover.'")).

[3] Chapters 180 and 181 are substantively identical in terms of the language relied on by Plaintiff. The distinction is that Chapter 180 deals with stock corporations while Chapter 181 deals with nonstock corporations. *See* Wis. Stat. § 180.0103(5); Wis. Stat. § 181.0103(5).

relied upon by Plaintiff in no way support such an argument.[4]

Sections 180.1175 and 181.1175, on their face, address the effect of domestication on a domesticating entity. *See* Wis. Stat. § 180.1175; Wis. Stat. § 181.1175. "Domestication" as used in those sections is defined as a transaction authorized by §§ 180.1171 to 180.1175 and §§ 181.1171 to 181.1175, respectively. *See* Wis. Stat. § 180.1100(1w); Wis. Stat. § 181.1100(1w). Said sections address how and when a domestic corporation may domesticate as a non-U.S. entity subject to non-U.S. laws and when a non-U.S. entity may domesticate as a domestic corporation. *See* Wis. Stat. §§ 180.1171 - 180.1175; Wis. Stat. §§ 181.1171 - 181.1175. They in no way address or support that a company organized under another U.S. state's laws, such as Upgrade, becomes a domesticated Wisconsin corporation upon registering to do business in Wisconsin. *See id.* Thus, the excerpt from § 180.1175 cited by Plaintiff regarding a "domesticated Wisconsin entity consent[ing] to the jurisdiction of the courts of this state" is not applicable to Upgrade, simply because Upgrade is not a non-U.S. entity that has domesticated as a Wisconsin entity. *See* Wis. Stat. § 180.1175(3).

Similarly, §§ 180.1505 and 181.1505 merely support that foreign corporations authorized to do business in Wisconsin enjoy the same privileges and are subject to the same duties as domestic corporations. *See* Wis. Stat. § 180.1505(2); § 181.1505(2). The statutes mention neither consent nor jurisdiction, and thus their plain language undermine Plaintiff's argument.[5] In fact, the

---

[4] It is also telling that Plaintiff fails to cite a single case interpreting those statutes as subjecting out-of-state defendants to the general jurisdiction of Wisconsin courts.

[5] *Mallory*, cited by Plaintiff, is also distinguishable from this case. In *Mallory*, the subject Pennsylvania law mandated that a foreign corporation consent to general jurisdiction as a condition of securing the right to do business in that state. *See generally*, *Mallory v. Norfolk Southern Ry.*, 143 S. Ct. 2028 (2023). In contrast, §§ 180.1505 and 181.1505 do not so state. Thus, while it may be constitutional for a state to require a company to consent to personal jurisdiction as a condition to register to do business in the state, that is not the scenario before this Court.

Wisconsin Supreme Court has rejected Plaintiff's reading of § 180.1505(2) finding it "too great a leap[.]" *See Segregated Account of Amac Assur. Corp. v. Countrywide Home Loans*, 2017 WI 71, P19-P21 (2017) (holding Wis. Stat. § 180.1505(2) did not impose consent to general jurisdiction as a duty of every foreign corporation registering to do business in Wisconsin). Specifically, the Wisconsin Supreme Court reasoned: "Treating general jurisdiction as a 'duty' of domestic corporations that extends to *all* registered foreign corporations by default would extend Wisconsin's exercise of general jurisdiction beyond the tapered limits recently described by the [U.S.] Supreme Court." *Id.* at P21 (emphasis in original). The Wisconsin Supreme Court's interpretation of Wisconsin law is binding on this Court and therefore forecloses Plaintiff's argument that Upgrade consented to personal jurisdiction simply by registering to do business in this state.[6] *See In re Emerald Casino, Inc.*, 867 F.3d 743, 765 (7th Cir. 2017) ("When applying state law, federal courts are bound by the decisions of the state's highest court.").

As explained in Upgrade's opening brief, the U.S. Supreme Court addressed in *Goodyear* the proper scope of general jurisdiction within the bounds of due process and held that a corporation may be subject to general jurisdiction only in a forum where it is "fairly regarded as at home." *See* Dkt. #15 at p. 6; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). And the circumstances under which a corporation has sufficiently continuous and systematic contacts to be "at home" in a forum state are simply not present in this case under *Daimler*, as Upgrade argued in its opening brief. *See* Dkt. #4 at p. 5-7. Thus, Plaintiff has not demonstrated that Upgrade consented to the jurisdiction of Wisconsin courts.

---

[6] And Plaintiff's counsel cannot plead ignorance to this binding authority given it was previously pointed out to him in another case pending in this district as well as in this case by co-Defendant Best Egg, Inc. *See* Dkt. #19 at p. 18; Western District of Wisconsin Case No. 3:23-cv-00763 Dkt. #21 at p. 5 (Dec. 19, 2023).

5

### III. THERE IS NO EVIDENCE WHICH MIGHT WARRANT REPLEADING.

Plaintiff asks that this Court grant her leave to replead in the event it grants Upgrade's motion. *See* Dkt. #22 at p. 5. Plaintiff, however, does not identify a single fact or piece of evidence to support the proper exercise of jurisdiction which might warrant repleading. Moreover, the singular case cited by Plaintiff to support her request dealt with a Rule 12(b)(6) motion to dismiss, not a dismissal based on lack of personal jurisdiction. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). The same liberal approach to repleading does not apply to a dismissal for lack of personal jurisdiction where the plaintiff fails to make a *prima facie* case of jurisdiction. *Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (explaining that once jurisdiction is challenged, plaintiff must "establish a prima facie case of personal jurisdiction over the defendant"); *see also Richardson v. Kharbouch*, 2020 U.S. Dist. LEXIS 52153, *4 (N.D. Ill. Mar. 25, 2020) ("review of jurisdiction [is] quite different from dismissal motions that challenge the merits"). Rather, "[o]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. Having failed to offer such evidence here making out a *prima facie* case of personal jurisdiction means that repleading would be futile. *See e.g.*, *RSK Enters., LLC v. Comcast Spectacor, L.P.*, 2018 U.S. Dist. LEXIS 2814, *22 (N.D. Ill. Jan. 8, 2018) (denying leave to replead on Rule 12(b)(2) motion as futile where the plaintiff failed to make out a *prima facie* case of personal jurisdiction). Thus, the Court should deny Plaintiff's request to replead.

## IV. REMAND IS NOT APPROPRIATE.

Plaintiff requests, in the alternative, the Court remand the matter should it find that personal jurisdiction over Upgrade is absent. In support, Plaintiff cites a U.S. Supreme Court case holding that where <u>subject matter jurisdiction</u> is lacking, remand is appropriate. *See* Dkt. #22 at p. 5. While that is certainly the law,[7] subject matter jurisdiction is not at issue.[8] Besides, if this Court lacks personal jurisdiction so does the state court, as the same due process analysis applies. Thus, Plaintiff's request for remand is not only unsupported by legal authority, but nonsensical.

WHEREFORE, Defendant Upgrade, Inc. respectfully requests this Court dismiss Plaintiff's lawsuit for lack of personal jurisdiction without leave to replead.

Dated: February 20, 2024

Respectfully submitted,

**UPGRADE, INC.**

/s/ Katherine M. Saldanha Olson
Katherine M. Saldanha Olson (IL Bar #6310080)
Messer Strickler Burnette, Ltd.
142 W. Station St.
Barrington, IL 60010
Tel.: (312) 334-3444
Fax: (312) 334-3473
kolson@messerstrickler.com
*Counsel for Defendant*

---

[7] *See* 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

[8] Upgrade agrees this Court has subject matter jurisdiction. Upgrade could not have properly removed to this Court without said jurisdiction.

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on February 20, 2024 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Katherine M. Saldanha Olson*
Katherine M. Saldanha Olson
*Counsel for Defendant*
